# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

WILLIAM L. JENKINS, )
)
    Plaintiff, )
)
v. )    **No. 3:25-cv-00875**
)    **Judge Trauger**
U.S. DISTRICT COURT, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

Pro se plaintiff William Jenkins, a state inmate in the custody of the Davidson County Sheriff's Office (DCSO), filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) He later filed a motion to amend/correct the Complaint. (Doc. No. 6.)

### I. IFP APPLICATION

The plaintiff's IFP application does not meet the requirements of the pauper statute, 28 U.S.C. § 1915. Although it includes a handwritten affidavit "under penalty of perjury that [the plaintiff is] indigent and can not pay pre-filing fees" (Doc. No. 2 at 1), this submission does not satisfy the requirement of "an affidavit that includes a statement of all assets [the] prisoner possesses." 28 U.S.C. § 1915(a)(1). Form AO 240 is the short-form financial affidavit accepted in this district as standard for prisoners seeking to establish indigence under Section 1915(a)(1). Accordingly, the plaintiff's IFP application (Doc. No. 2) is **DENIED WITHOUT PREJUDICE** to renewal using the appropriate form.

### II. PRELIMINARY REVIEW OF THE COMPLAINT

Upon preliminary examination, the Complaint runs afoul of the Federal Rules of Civil

Procedure governing the joinder of claims and parties in a single lawsuit.

Plaintiff asserts claims related to his medical care in DCSO custody (Doc. No. 1 at 12–24); the denial of relief in the Juvenile and Criminal Courts of Sumner County (*id.* at 24–31); the misconduct of officers and officials with the Tennessee Department of Correction (TDOC) and/or "C.C.A.," as well as two retired judges of this court (District Judge Haynes and Magistrate Judge Griffin) (*id.* at 31–48); the use of excessive force and other abuses by DCSO officers (*id.* at 48–56); and the conditions of his confinement at the DCSO facility (*id.* at 56–59). Much of the Complaint appears to be based on a rehashing of prior lawsuits. The Complaint names a laundry list of defendants, including courts, individual judges, an attorney, jail medical providers, and corrections officers involved in, e.g., jail administration, mail distribution, inmate classification, and food service. The plaintiff's motion to amend/correct his Complaint (Doc. No. 6) seeks permission to add as defendants additional DCSO officers and the Social Security Administration's Nashville office.

This scattershot style of pleading is usually rejected by courts due to misjoinder of claims and parties. *See*, *e.g.*, *Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *3 (W.D. Tenn. Sept. 28, 2017); *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017). The federal joinder rules permit the joinder of all claims against a single opposing party, Fed. R. Civ. P. 18(a), and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). But they do not permit the conglomeration of unrelated claims against unrelated defendants in a single lawsuit. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (explaining that, under the Federal Rules, a plaintiff must assert "at least one claim to relief

2

against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all"); *see also Tolbert*, 2017 WL 4324541, at *2) (quoting *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009) (collecting circuit court cases and explaining that the "impulse [] toward entertaining the broadest possible scope of action" does not "provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated")). Put simply, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Complaint here, which in its present form presents unrelated claims against different defendants, cannot be entertained without flouting the federal joinder rules and impermissibly complicating the litigation of this case.

### III. CONCLUSION

The plaintiff must cure the defects identified above if he is to proceed with this lawsuit.

The Clerk is **DIRECTED** to send the plaintiff a blank IFP application (Form AO 240). The plaintiff **MUST** either pay the $405 filing fee in full or complete the application and return it to the court within **30 DAYS** of this order's entry on the docket.

The Clerk is further **DIRECTED** to mail the plaintiff a blank Section 1983 complaint form. The plaintiff **MUST** file an amended complaint within **30 DAYS** of the date of this order's entry, in which he does not join unrelated claims against unrelated parties. In other words, the plaintiff can assert any claims he has against a single defendant but no other claims, or he can assert all the claims he has against multiple defendants that arise from the same incident or series of related incidents and that present at least one common question of law or fact, but no other claims. If the plaintiff wishes to pursue other claims or defendants outside that limited scope of his amended

complaint, he must do so by filing separate lawsuits. The plaintiff must include the docket number for this case – No. 3:25-cv-00875 – on his amended complaint. Because an amended complaint is required, the plaintiff's motion to amend/correct his original complaint (Doc. No. 6) is **DENIED**.

The court's address for filing by mail or in person is: Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

The plaintiff is warned that failure to comply with this order within the time provided, or to request an extension of the deadline before it expires, may result in action by the court, including potential dropping of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the court's order. The plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

4