# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **WILLIAM L. JENKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-00875** |
| | ) | **Judge Trauger** |
| **U.S. DISTRICT COURT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pro se plaintiff William Jenkins, a state inmate in the custody of the Davidson County Sheriff's Office (DCSO), filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) By order entered May 26, 2026, the court found both filings deficient. (Doc. No. 7.) The court directed the Clerk to provide the plaintiff with appropriate forms and ordered the plaintiff to file an amended complaint and to resolve the filing fee issue within 30 days. (*Id.* at 3–4.) The court warned the plaintiff that failure to comply with this order could result in the dismissal of this action for failure to prosecute. (*Id.* at 4.)

The deadline for compliance with the court's May 26 order has passed without any response from the plaintiff. He has not moved for an extension of his deadline, nor has he paid the fee, returned a signed IFP application, or filed an amended complaint. In short, the plaintiff has failed to prosecute his case. This failure justifies dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, pursuant to the court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to the plaintiff's pro se status and the preference for disposing of cases on their merits, *see Mulbah v.*

*Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)), the dismissal will be without prejudice.[1]

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and the $405 filing fee is hereby **ASSESSED** against the plaintiff, *see In re Alea*, 286 F.3d at 382, with payment to be made as follows:

The warden of the facility in which the plaintiff is currently housed, as custodian of the plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $405 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court, U.S. District Court, Middle District of Tennessee, 719 Church Street, Ste. 1300, Nashville, TN 37203.

---

[1] This form of dismissal removes the case from the court's docket, but "without barring the plaintiff from returning later, to the same court, with the same underlying claim," so long as any refiling is accomplished "within the applicable limitations period." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (quoting Black's Law Dictionary (7th ed. 1999)).

2

This case is closed.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge

3